UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| OMAR CARILLO, | ) | |
| | ) | |
| Plaintiff, | ) | No. |
| | ) | |
| vs. | ) | Judge |
| | ) | Magistrate Judge |
| CITY OF CHICAGO, | ) | |
| Chicago Police Officer | ) | |
| LILIA HURTADO, Star 12452, and | ) | |
| Officer Jane Done, | ) | Jury Demand |
| | ) | |
| Defendants. | ) | |

## FIRST AMENDED COMPLAINT

1. This is an action for money damages brought pursuant to 42 U.S.C. § 1983 and the common law of the State of Illinois.

2. Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343(a). Jurisdiction for Plaintiff's state claims is based on supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

### Parties

4. Plaintiff OMAR CARILLO is a resident of Bensenville, Illinois.

5. Defendant LILIA HURTADO and Jane Doe are Chicago police officers. At all times relevant to this Complaint, they were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

### Facts

6. On April 22, 2007, while on patrol, Defendant HURTADO and Jane Doe stopped Plaintiff's car.

7. Plaintiff had not violated any city, state or federal law. Defendant HURTADO and Jane Doe did not have any reason to believe that Plaintiff had violated, or was about to violate, any city, state or federal law. Defendant HURTADO and Jane Doe did not have an arrest warrant, probable cause, reasonable suspicion, consent, or any other lawful basis to stop and

detain Plaintiff.

8.    After the illegal stop of Plaintiff, Defendant HURTADO and Jane Doe arrested Plaintiff on a warrant that did not apply to him.

9.    Plaintiff explained to the officers that the warrant did not apply to him.

10.    As a direct and proximate result of the acts described above, Plaintiff has suffered and continues to suffer damages including loss of physical liberty, emotional distress, mental anguish and humiliation.

## COUNT I
### (42 U.S.C. § 1983 – False Arrest)

11.    Plaintiff realleges paragraphs 1 through 10 as if fully set forth herein.

12.    The arrest of Plaintiff without any legal justification or probable cause violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

WHEREFORE, Plaintiff asks that this Honorable Court:

a)    Enter judgment against Defendant HURTADO and Jane Doe,

b)    Award compensatory and punitive damages, as determined at trial,

c)    Award attorneys' fees and costs, and

d)    Award any further relief that this Honorable Court deems just and equitable.

## COUNT II
### (State Law Claim for False Arrest/False Imprisonment)

13.    Plaintiff realleges paragraphs 1 through 10 as if fully set forth herein.

WHEREFORE, Plaintiff asks that this Honorable Court:

a)    Enter judgment against Defendant HURTADO and Jane Doe,

b)    Award compensatory and punitive damages, as determined at trial,

c)    Award costs, and

d)    Award any further relief that this Honorable Court deems just and equitable.

**Jury Trial Demanded**

                Respectfully submitted,

                <u>/s/ Louis J. Meyer</u>
                *Counsel for the Plaintiff*

Lawrence V. Jackowiak
Louis J. Meyer
Daniel P. Kiss
Law Offices of Lawrence V. Jackowiak
20 North Clark Street, Suite 1700
Chicago, Illinois 60602
(312) 795-9595